UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A.M., a minor, by and through his guardian ad litem, GRICELDA HERNANDEZ, in his individual capacity and as heir and successor-in-interest to JOSE ALBERTO MORA TAFOLLA, deceased,

Plaintiffs,

v.

COUNTY OF MERCED, a public entity; and DOES 1 through 50, inclusive,

Defendants.

Case No. 1:26-CV-07261-JLT-FJS

ORDER GRANTING PETITION FOR APPOINTMENT OF GRICELDA HERNANDEZ AS GUARDIAN AD LITEM FOR PLAINTIFF A.M.

(ECF No. 4)

I. INTRODUCTION

On September 9, 2026, Minor Plaintiff A.M. ("Plaintiff") brought claims for (1) municipal liability for unconstitutional practice (42 U.S.C. § 1983), (2) deprivation of life without due process (42 U.S.C. § 1983), (3) negligence – wrongful death, and (4) failure to summon immediate medical care (Cal. Gov't Code § 845.6) against Defendants County of Merced and Does 1 through 50. (*See generally* ECF No. 1.)

That same day, Plaintiff, through counsel, filed a petition for appointment of Gricelda Hernandez as guardian ad litem in this matter. (ECF No. 4.) Plaintiff is seventeen years old and seeks appointment of Gricelda Hernandez, his biological mother and legal guardian, as his

guardian ad litem. In accordance with Local Rule 202(c), the petition includes a disclosure from counsel for Plaintiff, indicating that: (1) counsel was retained by Gricelda Hernandez to represent Plaintiff in this matter, (2) counsel is retained pursuant to a forty-percent contingency fee, to be satisfied by any recovery obtained in this case, (3) and counsel did not become involved at the insistence of any person whom the claims are asserted, directly or indirectly. *See* L.R. 202(c); (*See also* ECF No. 4 at 3.)

## II. LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[a] minor … who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).

Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code. Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code. Civ. P. § 372(a). For example, "[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). If the person seeking appointment as a guardian ad litem "has an actual or potential conflict of interest," that individual "has no right to control or influence the child's litigation." *Id.* at 50.

## III. DISCUSSION

Plaintiff A.M. is the biological son of Gricelda Hernandez and is a seventeen-year-old minor under California law. *See* Cal. Fam. Code § 6502. As a minor, his ability to bring suit is contingent upon the appointment by the court of a guardian ad litem. Upon review of the complaint (ECF No. 1), it does not appear that Gricelda Hernandez holds interests adverse to Plaintiff because Gricelda Hernandez does not state any claims in the action and there are no other named plaintiffs. Moreover, the court is advised that no other guardian ad litem has been appointed for Plaintiff previously. (ECF No. 4 at 3.)

Gricelda Hernadez declares that she is an adult, familiar with Plaintiff's needs and interests and is competent and willing to serve as guardian ad litem in this matter. (*Id.* at 2.) Because there is neither an actual nor potential conflict of interest between A.M. and Gricelda Hernandez, appointment of Gricelda Hernandez is appropriate under the circumstances. *See, e.g., T.G. v. Kern Cnty.*, No. 1:18-CV-0257-JLT, 2019 WL 5190683, at *1 (E.D. Cal. Oct. 15, 2019) (appointing seventeen-year-old plaintiff's grandmother as guardian ad litem based on finding that there was neither an actual nor potential conflict of interest).

## IV. CONCLUSION AND ORDER

Based on the petition (ECF No. 4), and for the reasons stated above, the court HEREBY ORDERS that:

(1) The motion for appointment of Gricelda Hernandez as guardian ad litem for Plaintiff A.M. (ECF No. 4) is GRANTED; and

(2) Gricelda Hernandez is appointed to act as guardian ad litem for Plaintiff A.M. and is authorized to prosecute this action on his behalf.

IT IS SO ORDERED.

Dated: **November 2, 2026**

UNITED STATES MAGISTRATE JUDGE